**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NICOLAS LEANDRO MARTINEZ, INDIVIDUALLY, and AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF MARGARET GLORIA MARTINEZ, DECEASED; CHRISTINA MARIE ORTIZ; CARMEN RACHEL ORTIZ; and MIGUEL ANTONIO ORTIZ** | § § § § § § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 4:03-CV-915-Y** |
| V. | § § | |
| **CESAR H. PORTA, M.D.; RAMASAMY SELVARAJ, M.D.; SHIRAM SUDARSHAN, M.D.; SCOTT WILLIAMSON, M.D.; and UNITED REGIONAL HEALTH CARE SYSTEM, INC., d/b/a UNITED REGIONAL HEALTH CARE SYSTEM** | § § § § § § § § § | |
| **Defendants.** | § | |

**ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S DISCOVERY ORDERS**

Pending before the Court are Objections to Magistrate Judge's Discovery Orders [doc. # 141], filed by defendant United Regional Health Care System, Inc. ("the Hospital") on July 11, 2006. After consideration of the objections, the response, and the reply, the Court OVERRULES the objections.

This case involves claims brought under the Emergency Medical Treatment and Active Labor Act ("the EMTALA"). *See* 42 U.S.C.A. § 1395dd (West Supp. 2006). Margaret Gloria Martinez was admitted to the Hospital's emergency department on November 18, 2001, complaining of radiating chest pain and numbness in her right arm. She was discharged from the emergency

department once, but returned 45 minutes later and was admitted to the Hospital later that day. In the early morning hours of November 19, Martinez suffered a heart attack and died. Her husband and children brought suit against the Hospital and the doctors involved in her care.

Plaintiffs served a request for production on the Hospital, requesting medical records from each person who was a patient in the emergency department between November 1, 1996, through December 1, 2002, and presented with symptoms similar to Martinez's or received cardiac-type treatment. After the Hospital objected to this request and Plaintiffs filed a motion to compel, this Court referred the matter to United States Magistrate Judge Charles Bleil. *See* 28 U.S.C.A. § 636(b)(1)(A) (West 2006). The magistrate judge overruled some of the Hospital's objections to this request, but sustained some of the Hospital's objections based on assertions of attorney-client and work-product privileges. He further reduced to 1999 and 2001 the years for which the Hospital was obligated to produce such records and deleted five categories that Plaintiffs had listed that would qualify a patient's file as subject to production. The Hospital was ordered to redact names, social-security numbers, billing information, and personal contact information from the records before production.

The Hospital's motion to reconsider this ruling was also referred to the magistrate judge because the Hospital presented new evidence in the motion. The magistrate judge granted the motion to reconsider. Plaintiffs were given 60 days to inspect all responsive records and select 400 for the Hospital to redact and copy, at the Hospital's expense. Plaintiffs were ordered not to record any information from the records "other than that necessary to clearly make known or identify those charts selected from production." The magistrate judge further entered a protective order governing the inspection, production, and use of protected health information that might be disclosed:

2

>(1)  No party shall use or disclose the protected health information contained in the patient charts to be inspected for any purpose other than the litigation for which such information was requested.  *See* 45 C.F.R. [§] 164.512(e)(1)(v)(A).
>(2)  At the end of the litigation, Plaintiffs shall return to [the Hospital] any and all protected health information (including copies thereof).  *See* 45 C.F.R. [§] 164.512(e)(1)(v)(B).
>
>(3)  Counsel for the parties shall give notice of this Order and its terms to each person to whom protected health information is disclosed by them, and each such person shall be required to comply with the provisions of this Order.  (June 30 Qualified Protective Order at 2.)

The Hospital now objects to this determination.  *See* FED. R. CIV. P.  72(a).

In reviewing a magistrate judge's order on a nondispositive matter, such as discovery, this Court may modify or set aside any portion of the order only if the objecting party shows that it is clearly erroneous or contrary to law.  *See* 28 U.S.C.A. § 636(b)(1)(A); FED. R. CIV. P. 72(a).  A finding is clearly erroneous when, although there may be evidence to support it, this Court is left with the definite and firm conviction that a mistake has been made; a determination is contrary to law if the magistrate judge misinterpreted or misapplied applicable law.  *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D. N.J. 2004).  In other words, this Court may not disturb a magistrate judge's determination on a nondispositive matter merely because it could have been decided differently.  *See Easley v. Cromartie*, 532 U.S. 234, 259 (2001).

Under the EMTALA, a hospital must provide "appropriate" medical screening.  *See* 42 U.S.C.A. § 1395dd(a).  Appropriateness is judged by whether the screening at issue was performed equitably in comparison to other patients with similar symptoms.  *See Marshall v. E. Carroll. Parish Hosp.*, 134 F.3d 319, 322-24 (5th Cir. 1998).  The Hospital argues that Plaintiffs' request is irrelevant because:  (1) the categories of records requests for patients who received cardiac-type treatment do not allow comparison to patients with similar symptoms; (2) records for years before 2001 do not apply to Martinez's care.  The Hospital also asserts that the magistrate judge's order is overly

3

burdensome to the Hospital, does not protect "confidential healthcare information of innocent uninvolved third parties," and forces it to create new documents in response to the production request.

Regarding the categories of information that they seek, Plaintiffs are correct that this evidence reasonably could lead to evidence bearing on appropriateness and is, thus, relevant. *See Coughlin v. Lee*, 946 F.2d 1152, 1158 (5th Cir. 1991). For example, a patient's chart could show a non-specific cardiac symptom, e.g., nausea, when, in fact, the presenting symptoms were similar to Martinez's. If such a patient was treated with cardiac methods, Plaintiffs' request would uncover the chart, but would be shielded under the Hospital's rigid, symptom-presented criteria.

The Hospital did not raise its relevance argument attacking the categories until it filed its motion to reconsider the magistrate judge's first order. Regarding its complaints that records from 1999 are too far removed from Martinez's death to be relevant, the Hospital admits that there is no case law to definitively indicate the time frame over which medical records would be relevant. (Hosp.'s Br. at 14.) But Plaintiffs ably argued exactly why the 1999 records are relevant before the magistrate judge. (Hosp. R. to Objs. at 121, 584-586.)

The Hospital's burdensomeness objection is also meritless. As pointed out by Plaintiffs in their response, the Hospital has wholly failed to show undue burdensomeness. *See generally* FED. R. CIV. P. 26(b)(2). By law, the Hospital is required to maintain its records in such a way that would allow them to be easily retrieved. (Hosp.'s R. to Objs. at 121-24.) The Hospital's evidence of burdensomeness does not refer to or take into account these record-keeping requirements.

The Hospital asserts that the magistrate judge's order fails to protect patient privacy. This Court concludes, however, that the magistrate judge took adequate steps to protect patient privacy.

4

Although the order did not go as far as the Hospital wanted, there is no showing that the order was erroneous or contrary to the law.

The Hospital's argument that the magistrate judge's order requires it to create new documents is puzzling. On the one hand, the Hospital asserts that patient privacy must be taken into account; however, it further asserts that it cannot be asked to create new documents even in the interest of patient privacy. The order for the Hospital to compile a list of charts available is reasonable and protects Plaintiffs from a possible data dump by the Hospital. *See generally* FED. R. CIV. P. 26(c). Further, and as noted by Plaintiffs, the suggestion to compile a list of responsive records was originally raised by the Hospital in response to Plaintiffs' motion to compel. (Hosp. R. to Objs. at 16.)

The Hospital has not shown that the magistrate judge's order was clearly erroneous or contrary to law. Thus, its objections are overruled.

SIGNED November 1, 2006.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE